TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
Assistant United States Attorney
Deputy Chief, International Narcotics,
  Money Laundering, and Racketeering Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:    (213) 894-2576
      Facsimile:    (213) 894-0142
      E-mail:       christopher.kendall@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-93-DSF-6 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARIANNA CASTELO QUINTERO |
| v. | |
| MARIANNA CASTELO QUINTERO, | |
| Defendant. | |

1.   This constitutes the plea agreement between MARIANNA CASTELO QUINTERO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

indictment in <u>United States v. FNU LNU, et al.</u>, CR No. 21-93-DSF (the "Indictment"), which charges defendant with Conspiracy to Import Controlled Substances and to Distribute Controlled Substances for the Purpose of Unlawful Importation, in violation of 21 U.S.C. §§ 963, 952(a), 959(a), 960(a)(1), (a)(3), and (b)(1)(H)

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Agree that all court appearances, including her change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge No. 20-097 or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), she may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

           i.    Defendant consents under Section 15002(b) of the CARES Act to proceed with her change of plea hearing by VTC or telephone, if VTC is not reasonably available.

2

1          ii.   Defendant consents under Section 15002(b) of the

2     CARES Act to proceed with her sentencing hearing by VTC or telephone,

3     if VTC is not reasonably available.

4          iii. Defendant consents under 18 U.S.C. § 3148 and

5     Section 15002(b) of the CARES Act to proceed with any hearing

6     regarding alleged violations of the conditions of pre-trial release

7     by VTC or telephone, if VTC is not reasonably available.

8          f.    Not commit any crime or any act constituting

9     obstruction of justice; however, offenses that would be excluded for

10    sentencing purposes under United States Sentencing Guidelines

11    ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the

12    scope of this agreement.

13         g.    Be truthful at all times with the United States

14    Probation and Pretrial Services Office and the Court.

15         h.    Pay the applicable special assessment at or before the

16    time of sentencing unless defendant lacks the ability to pay and

17    prior to sentencing submits a completed financial statement on a form

18    to be provided by the USAO.

19                          THE USAO'S OBLIGATIONS

20         3.    The USAO agrees to:

21         a.    Not contest facts agreed to in this agreement.

22         b.    Abide by all agreements regarding sentencing contained

23    in this agreement.

24         c.    At the time of sentencing, move to dismiss the

25    remaining counts of the indictment as against defendant.  Defendant

26    agrees, however, that at the time of sentencing the Court may

27    consider any dismissed charges in determining the applicable

28    Sentencing Guidelines range, the propriety and extent of any

                                  3

1 | departure from that range, and the sentence to be imposed.

2 |        d.   At the time of sentencing, provided that defendant

3 | demonstrates an acceptance of responsibility for the offense up to

4 | and including the time of sentencing, recommend a two-level reduction

5 | in the applicable Sentencing Guidelines offense level, pursuant to

6 | U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

7 | additional one-level reduction if available under that section.

8 |        e.   Because the justice system is facing an unprecedented

9 | crisis through the backlog of cases, the parties agree that the

10 | defendant is entitled to a two-level variance as recognition of

11 | defendant's early acceptance of responsibility, which will lessen the

12 | burden on the court system by: (1) waiving any right to presence and

13 | pleading guilty at the earliest opportunity by VTC (or telephone, if

14 | VTC is not reasonably available); (2) waiving any right to presence

15 | and agreeing to be sentenced by VTC (or telephone, if VTC is not

16 | reasonably available) should the Central District of California's

17 | Order of the Chief Judge allow for it; (3) agreeing to appear at all

18 | other times by VTC or telephone; and (4) waiving all appellate

19 | rights.

20 |        f.   Recommend that defendant be sentenced to a term of

21 | imprisonment no higher than the low end of the applicable Sentencing

22 | Guidelines range, provided that the offense level used by the Court

23 | to determine that range is 21 or higher and provided that the Court

24 | does not depart downward in offense level or criminal history

25 | category, and subject to any applicable mandatory minimum.  For

26 | purposes of this agreement, the low end of the Sentencing Guidelines

27 | range is that defined by the Sentencing Table in U.S.S.G. Chapter 5,

28 | Part A.

1

<u>NATURE OF THE OFFENSE</u>

2       4.   Defendant understands that for defendant to be guilty of
3   the crime charged in count one, that is, Conspiracy to Import
4   Controlled Substances and to Distribute Controlled Substances for the
5   Purpose of Unlawful Importation, in violation of 21 U.S.C. § 963, the
6   following must be true: (1) there was an agreement between two or
7   more persons to import controlled substances, including
8   methamphetamine, into the United States from a place outside thereof,
9   and/or to knowingly and intentionally distribute controlled
10  substances for the purpose of such importation, in violation of 21
11  U.S.C. §§ 952(a), 959(a), 960(a)(1), (a)(3); and (2) defendant joined
12  in the agreement knowing of its purpose and intending to help
13  accomplish that purpose.  Defendant admits that defendant is, in
14  fact, guilty of this offense as described in count one of the
15  Indictment.

16      5.   Defendant understands that for defendant to be subject to
17  the statutory maximum and statutory minimum sentences set forth
18  below, the government must prove beyond a reasonable doubt that, over
19  the course of defendant's membership in the conspiracy, defendant
20  conspired to import: at least 500 grams of a mixture and substance
21  containing a detectable amount of methamphetamine, at least 50 grams
22  of actual methamphetamine, at least five kilograms of a mixture and
23  substance containing a detectable amount of cocaine, or at least one
24  kilogram of a mixture and substance containing a detectable amount of
25  heroin.  Defendant admits that defendant, in fact, conspired to
26  import at least 50 grams of actual methamphetamine.

27

28

PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 963, as charged in count one of the Indictment, pursuant to 21 U.S.C. §§ 952(a), 959(a), 960(a)(1), (a)(3), and (b)(1)(H), is: life imprisonment; a lifetime period of supervised release; a fine of $10 million or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. § 963, as charged in count one of the Indictment, pursuant to 21 U.S.C. §§ 952(a), 959(a), 960(a)(1), (a)(3), and (b)(1)(H), is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

8.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration

1  status.  Defendant nevertheless affirms that she wants to plead
2  guilty regardless of any immigration consequences that her pleas may
3  entail, even if the consequence is automatic removal from the United
4  States.

5                            FACTUAL BASIS

6       12.  Defendant admits that defendant is, in fact, guilty of the
7  offense to which defendant is agreeing to plead guilty.  Defendant
8  and the USAO agree to the statement of facts provided below and agree
9  that this statement of facts is sufficient to support a plea of
10 guilty to the charge described in this agreement and to establish the
11 Sentencing Guidelines factors set forth in the "SENTENCING FACTORS"
12 section below but is not meant to be a complete recitation of all
13 facts relevant to the underlying criminal conduct or all facts known
14 to either party that relate to that conduct.

15      Beginning on a date unknown and continuing to on or about
16      April 1, 2016, in Los Angeles County, within the Central
        District of California, and elsewhere, defendant knowingly
17      and intentionally agreed with co-conspirators to import
        controlled substances, including methamphetamine, into the
18      United States from Mexico, and to knowingly and
        intentionally distribute controlled substances for the
19      purpose of such importation.  Intending to help accomplish
        the purpose of the conspiracy, defendant knowingly
20      conspired to import at least 50 grams of methamphetamine, a
        Schedule II controlled substance.  In furtherance of this
21      conspiracy, defendant committed at least the following
        overt act:

22      On April 1, 2016, in San Diego County, California,
23      defendant entered into the United States from Mexico
        with approximately 16.7 kilograms of actual
24      methamphetamine in her vehicle, a white Volkswagen
        Passat.  Defendant possessed the methamphetamine with
25      the intent to import it into the United States for its
        eventual distribution in Los Angeles County, within
26      the Central District of California.

27

28

1

<u>SENTENCING FACTORS</u>

2      13.   Defendant understands that in determining defendant's
3  sentence the Court is required to calculate the applicable Sentencing
4  Guidelines range and to consider that range, possible departures
5  under the Sentencing Guidelines, and the other sentencing factors set
6  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
7  Sentencing Guidelines are advisory only, that defendant cannot have
8  any expectation of receiving a sentence within the calculated
9  Sentencing Guidelines range, and that after considering the
10 Sentencing Guidelines and the other § 3553(a) factors, the Court will
11 be free to exercise its discretion to impose any sentence it finds
12 appropriate between the mandatory minimum and up to the maximum set
13 by statute for the crime of conviction.

14     14.   Defendant and the USAO agree to the following applicable
15 Sentencing Guidelines factors:

16   Base Offense Level          32      U.S.S.G. §§ 2D1.1(a)(5),
     (4.5 KG or more of actual                       (c)(1)
17   methamphetamine):

18   Minimal Role                -4      U.S.S.G. § 3B1.2(a)
19 Defendant and the USAO reserve the right to argue that additional
20 specific offense characteristics, adjustments, and departures under
21 the Sentencing Guidelines are appropriate.  Defendant understands
22 that defendant's offense level could be increased if defendant is a
23 career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
24 offense level is so altered, defendant and the USAO will not be bound
25 by the agreement to Sentencing Guideline factors set forth above.

26     15.   Defendant and the USAO agree that:

27          a.   Defendant did not use violence or credible threats of
28 violence or possess a firearm or other dangerous weapon (or induce

9

1  another participant to do so) in connection with the offense charged
2  in count one;

3          b.   The offense charged in count one did not result in
4  death or serious bodily injury to any person; and

5          c.   Defendant was not an organizer, leader, manager, or
6  supervisor of others in the offense charged in count one and was not
7  engaged in a continuing criminal enterprise.

8      16.  Defendant understands that there is no agreement as to
9  defendant's criminal history or criminal history category.

10     17.  Defendant and the USAO reserve the right to argue for a
11 sentence outside the sentencing range established by the Sentencing
12 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
13 (a)(2), (a)(3), (a)(6), and (a)(7).

14                     WAIVER OF CONSTITUTIONAL RIGHTS

15     18.  Defendant understands that by pleading guilty, defendant
16 gives up the following rights:

17          a.   The right to persist in a plea of not guilty.

18          b.   The right to a speedy and public trial by jury.

19          c.   The right to be represented by counsel -- and if
20 necessary have the Court appoint counsel -- at trial.  Defendant
21 understands, however, that, defendant retains the right to be
22 represented by counsel -- and if necessary have the Court appoint
23 counsel -- at every other stage of the proceeding.

24          d.   The right to be presumed innocent and to have the
25 burden of proof placed on the government to prove defendant guilty
26 beyond a reasonable doubt.

27          e.   The right to confront and cross-examine witnesses
28 against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF VENUE

19.   Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant

11

1  is pleading guilty is unconstitutional, and any and all claims that

2  the statement of facts provided herein is insufficient to support

3  defendant's plea of guilty.

4  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

5      21.  Defendant gives up the right to appeal all of the

6  following: (a) the procedures and calculations used to determine and

7  impose any portion of the sentence; (b) the term of imprisonment

8  imposed by the Court, provided it is no more than the high-end of the

9  Sentencing Guidelines range calculated by the Court; (c) the fine

10 imposed by the Court, provided it is within the statutory maximum;

11 (d) to the extent permitted by law, the constitutionality or legality

12 of defendant's sentence, provided it is within the statutory maximum;

13 (e) the term of probation or supervised release imposed by the Court,

14 provided it is within the statutory maximum; and (f) any of the

15 following conditions of probation or supervised release imposed by

16 the Court: the conditions set forth in Amended General Order 20-04 of

17 this Court; the drug testing conditions mandated by 18 U.S.C.

18 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

19 authorized by 18 U.S.C. § 3563(b)(7).

20     22.  Defendant also gives up any right to bring a post-

21 conviction collateral attack on the conviction or sentence, except a

22 post-conviction collateral attack based on a claim of ineffective

23 assistance of counsel or an explicitly retroactive change in the

24 applicable Sentencing Guidelines, sentencing statutes, or statutes of

25 conviction.  Defendant understands that this waiver includes, but is

26 not limited to, arguments that the statute to which defendant is

27 pleading guilty is unconstitutional, that newly discovered evidence

28 purportedly supports defendant's innocence, and any and all claims

that the statement of facts provided herein is insufficient to
support defendant's plea of guilty.

23.  The USAO agrees that, provided all portions of the sentence
are at or below the statutory maximum specified above, the USAO gives
up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## EFFECTIVE DATE OF AGREEMENT

25.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

## BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required

13

certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such

statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

31.   Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2     32.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  TRACY L. WILKISON
   Acting United States Attorney
9

10 *Christopher C. Kendall*      April 26, 2021
   CHRISTOPHER C. KENDALL      Date
11 Assistant United States Attorney

12 *M. Castelo*      04/26/2021
   MARIANNA CASTELO QUINTERO      Date
13 Defendant

14                 **04/26/2021**
   NEHA CHRISTERNA      Date
15 Attorney for Defendant
   MARIANNA CASTELO QUINTERO
16

17 <u>CERTIFICATION OF DEFENDANT</u>

18    I have read this agreement in its entirety.  I have had enough

19 time to review and consider this agreement, and I have carefully and

20 thoroughly discussed every part of it with my attorney.  I understand

21 the terms of this agreement, and I voluntarily agree to those terms.

22 I have discussed the evidence with my attorney, and my attorney has

23 advised me of my rights, of possible pretrial motions that might be

24 filed, of possible defenses that might be asserted either prior to or

25 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26 of relevant Sentencing Guidelines provisions, and of the consequences

27 of entering into this agreement.  No promises, inducements, or

28 representations of any kind have been made to me other than those

17

1  contained in this agreement or in an agreement signed by all parties

2  or on the record in court.  No one has threatened or forced me in any

3  way to enter into this agreement.  I am satisfied with the

4  representation of my attorney in this matter, and I am pleading

5  guilty because I am guilty of the charges and wish to take advantage

6  of the promises set forth in this agreement, and not for any other

7  reason.

*m. Castelo*           *04/26/2021*

MARIANNA CASTELO QUINTERO      Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARIANNA CASTELO QUINTERO's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of her rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement or in an agreement signed by all parties or on the record
in court; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is informed and voluntary; and the factual basis set
//
//
//
//

18

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3

   _____          4/26/2021
4  NEHA CHRISTERNA                           _____
   Attorney for Defendant                    Date
5  MARIANNA CASTELO QUINTERO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        19